**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.D. and B.C.**

**No. 22-944** (Wood County CC-54-2021-JA-283 and CC-54-2021-JA-284)

**MEMORANDUM DECISION**

Petitioner Grandmother A.T.[1] appeals the Circuit Court of Wood County's December 6, 2022, order denying her motion to intervene, arguing that she was denied a meaningful opportunity to be heard on her motion for grandparent visitation.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming this order is appropriate in accordance with Rule 21 of the West Virginia Rules of Appellate Procedure. However, we remand the case to the circuit court with directions to enter an order regarding petitioner's motion for grandparent visitation.

Petitioner is the maternal grandmother of the children D.D. and B.C., who were subject to an abuse and neglect proceeding that began in December 2021. From the extremely limited appendix record on appeal, it appears that petitioner was the relative caregiver of the children after the DHS removed the children from the parents and placed them into petitioner's home. In October 2022, custody of the children was returned to their respective fathers.[3] That same month, petitioner filed two motions: a motion to intervene requesting the circuit court to grant her custody of the children and a motion for grandparent visitation.

---

[1]Petitioner appears by counsel Justin M. Raber. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Respondent B.R., father of B.C., appears by counsel Travis Sayre. Counsel Keith White appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]The parental rights of the children's mother were previously terminated.

1

At a hearing in November 2022 on petitioner's motions, counsel for petitioner explained that while petitioner had filed a motion to intervene to request custody of the children, it was "more of a motion for grandparent visitation if the [c]ourt would permit her to intervene" because the children had been returned to their fathers. The circuit court allowed petitioner to testify and cross-examine witnesses in support of her motions. Petitioner testified to being the caretaker of the children, described her bond with the children, expressed her interest in grandparent visitation, and explained concerns she had about D.D.'s father. At the conclusion of the evidence, counsel for petitioner argued that "petitioner should be permitted the status of intervenor . . . to prosecute the pending motion for grandparent visitation." The circuit court denied petitioner's motion to intervene and excused her from the hearing.[4] It is from the order denying her motion to intervene that petitioner appeals.[5]

On appeal from an order regarding an individual's motion for permissive intervention pursuant to West Virginia Code 49-4-601(h) in a child abuse and neglect proceeding, this Court

> review[s] de novo whether the individual seeking permissive intervention was afforded "a meaningful opportunity to be heard" as required by West Virginia Code § 49-4-601(h), and we review for an abuse of discretion a circuit court's decision regarding the "level and type of participation" afforded to individuals seeking permissive intervention, i.e., foster parents, pre-adoptive parents, and relative caregivers, pursuant to Syllabus point 4, in part, *State ex rel. C.H. v. Faircloth*, 240 W. Va. 729, 815 S.E.2d 540 (2018).

Syl. Pt. 1, in part, *In re H.W.*, 247 W. Va. 109, 875 S.E.2d 247 (2022). Before this Court, petitioner argues that the circuit court erred in denying her motion to intervene to determine the merits of her motion for grandparent visitation thus denying her a meaningful opportunity to be heard under West Virginia Code § 49-4-601(h).[6] Petitioner's assignment of error predicates her motion for grandparent visitation on being granted intervenor status while conflating a right to a meaningful opportunity to be heard with a right of intervention. These are separate issues as West Virginia Code § 49-4-601(h) does not give a relative caregiver a right to intervene and intervention is not a

---

[4]The circuit court denied petitioner's motion to intervene because the DHS successfully impeached petitioner regarding the timing of a CPS report she made against D.D.'s father, which was determined to be unfounded. The circuit court found petitioner was not credible.

[5] B.C. remains in the legal and physical custody of his father. D.D. has been removed from her father's custody in a separate matter, but the permanency plan for D.D. is reunification with her father.

[6]West Virginia Code § 49-4-601(h) provides that

> In any proceeding pursuant to this article, the party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses. Foster parents, pre-adoptive parents, and relative caregivers shall also have a meaningful opportunity to be heard.

2

prerequisite for being heard on a motion for grandparent visitation. We will address each issue in turn.

Petitioner argues that West Virginia Code § 49-4-601(h) prescribed her a right to intervene in the proceedings because she was a "relative caregiver." *See id.* (providing that relative caregivers shall have a meaningful opportunity to be heard in abuse and neglect proceedings). This is an incorrect reading of the statute as "a meaningful opportunity to be heard" does not equate to a right to intervene. We recently explained in *In re H.W.* that

> [f]oster parents, pre-adoptive parents, or [sic] relative caregivers who occupy only their statutory role as individuals entitled to a meaningful opportunity to be heard pursuant to West Virginia Code § 49-4-601(h) (2015) are subject to discretionary limitations on the level and type of participation as determined by the circuit court.

*In re H.W.*, 247 W. Va. at 111, 875 S.E.2d at 249, Syl. Pt. 4 (quoting Syl. Pt. 4, in part, *Faircloth*, 240 W. Va. at 732, 815 S.E.2d at 542). As such, petitioner did not have a statutory right to intervene in the proceedings. Accordingly, the circuit court did not err in denying petitioner's motion to intervene.

Petitioner also argues that she should have been permitted to intervene in the proceedings to have her motion for grandparent visitation heard by the circuit court. However, she was not required to intervene in order to be heard on her motion for visitation. Chapter 48, Article 10 of the West Virginia Code sets forth the procedures and requirements for grandparent visitation. There is no requirement within the statute that a party must first obtain intervenor status in the matter before a motion or petition filed pursuant thereto can be heard. *See* W. Va. Code § 48-10-401(b) and (c) (explaining that in abuse and neglect proceedings, a grandparent may file a motion for visitation in the circuit court but will not be afforded party status). Notwithstanding petitioner's intervenor status, she was entitled to be heard on her motion for grandparent visitation pursuant to West Virginia Code § 48-10-401(c), which notes that motions or petitions for grandparent visitation in abuse and neglect proceedings shall be heard in the circuit court. The record demonstrates that petitioner was afforded such an opportunity at the November 7, 2022, hearing. Counsel for petitioner informed the circuit court that petitioner had filed a motion to intervene but that because custody of the children had returned to their fathers, it was "more of a motion for grandparent visitation." The circuit court allowed petitioner to testify and cross-examine witnesses in support of her motions. Nevertheless, petitioner focused solely on intervention, thereby effectively abandoning her opportunity to present evidence on the issue of grandparent visitation. As such, we find that petitioner had the opportunity to be heard on her motion for grandparent visitation. However, we note that the circuit court failed to rule on petitioner's request for grandparent visitation leaving a gap in the lower court record.

For the foregoing reasons, we find no error in the decision of the circuit court to deny petitioner's motion to intervene. Its December 6, 2022, order is hereby affirmed. However, because the record shows that the circuit court did not enter an order regarding petitioner's motion for grandparent visitation, we remand this matter for the limited purpose of entering an order regarding petitioner's motion for grandparent visitation not inconsistent with this memorandum decision. The Clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Affirmed and remanded with directions.

**ISSUED**: April 23, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice C. Haley Bunn

**CONCURRING, IN PART, AND DISSENTING, IN PART**

Justice William R. Wooton


Wooton, Justice, concurring, in part, and dissenting, in part:

I concur in the Court's resolution of all issues raised in this appeal relating to the petitioner/grandmother's motion to intervene in the underlying abuse and neglect proceedings, specifically, its affirmance of the circuit court's denial of the motion, and its conclusion that a motion to intervene is not required as a condition precedent to a motion for grandparent visitation.

However, I respectfully dissent from the Court's determination that petitioner "effectively abandon[ed][7] her opportunity to present evidence on the issue of grandparent visitation" at the November 7, 2022, hearing, which in turn leads to a remand for the "limited purpose of entering an order regarding petitioner's motion for grandparent visitation." In my view, the petitioner should not be held to have waived her right to present evidence and make argument in the remand proceedings, because a fair reading of the record compels the conclusion that all parties participating in the November 7, 2022, hearing believed that only the motion to intervene was at issue.

Significantly, the transcript of the hearing is designated "Motion to Intervene," and the circuit court's order carries the caption "**Order Following November 7 2022 Motion to Intervene**." At the outset of the hearing, the court announced that "[w]e are set today for a status

---

[7] The Court's use of the word "abandon" is curious, because it appears calculated to sidestep any discussion of the real question here, which is whether the petitioner can fairly be deemed to have waived her right to put on evidence and/or make argument on the issue of grandparent visitation. *See* text *infra*.

on transition as well as a motion to intervene[,]" and following the identification and admission of joint exhibits invited the parties to "proceed next with the motion to intervene."

When asked for their respective positions on the motion to intervene, the petitioner's counsel stated that with the return of the child to her father the motion to intervene was now ripe and "would really *transition* this to more of a motion for grandparent visitation *if the [c]ourt would permit her to intervene*." (Emphasis added). Counsel for the Department of Human Services ("DHS") responded that it "object[ed] to the motion to intervene[]" and that "at this point the Department does not believe there are any grounds to intervene." Counsel for the respondent father stated that

> [s]o at this time we are – we would object clearly to the
> intervention by the grandmother, and frankly, would not – *we are
> not ready, we are not prepared to discuss visitation at this point*. I
> think my client is going to need a little time and space to consider
> his options with respect to this behavior by the grandmother.

(Emphasis added). Finally, the guardian ad litem stated that "it is too late to intervene at this point. . . . I would not be opposed at some point in time having visitation with the grandmother and [D.D.], *but at this point I think time should pass before we go down that road*." (Emphasis added).

Following the presentation of evidence, all of which was relevant solely to the motion to intervene, the parties' counsel focused in their closing arguments on their shared – and wholly incorrect – view that the petitioner was required to have intervenor status in order to prosecute her motion for grandparent visitation. As the petitioner's counsel summed up his position, "the motion to intervene, in our opinion, should be granted and we move forward on the prosecution of the motion for grandparent visitation[]"; and as the guardian ad litem summed up, "I would be opposed to intervention. I think [the petitioner] would have a right to file a petition for grandparent's rights, but at this point I object to the intervention."

Ignoring the overwhelming weight of the evidence that no one at the November 7, 2022, hearing was litigating anything other than the petitioner's motion to intervene, the Court seizes upon seven words spoken by the petitioner's counsel, "more of a motion for grandparent visitation[,]" to support (a) its conclusion that the petitioner "abandoned" her opportunity to present evidence and argument on the motion for grandparent visitation, and (b) its sub silentio conclusion that this "abandonment" constituted a waiver. As demonstrated *supra*, these seven words are taken out of context and are wholly misleading.

We have held that "[t]he essential elements of the doctrine of waiver are: (1) the existence of a right, advantage, or benefit at the time of the waiver; (2) actual or constructive knowledge of the existence of the right, advantage, or benefit; and (3) intentional relinquishment of such right, advantage, or benefit." Syl. Pt. 4, *Bruce McDonald Holding Co. v. Addington, Inc.*, 241 W. Va. 451, 825 S.E.2d 779 (2019). In my view, none of these elements are established in this case;

5

indeed, a fair reading of the record does not just allow, but compels, a contrary conclusion. The November 7, 2022, hearing was designated solely as a hearing on the motion to intervene, and the court's oral ruling and subsequent written order addressed only the motion to intervene. Everyone at the hearing, including the court, was laboring under the belief that the motion for grandparent visitation could not be considered unless and until the grandparent was granted intervenor status. The petitioner's counsel mentioned the motion for grandparent visitation only as something to be considered in "transition" after the motion to intervene had been granted. and both the respondent father's counsel and the guardian ad litem stated at the outset of the hearing that they were not prepared to consider the issue of visitation until sometime "down the road."

It is clear that the petitioner's counsel *could* have pressed the issue of grandparent visitation at the November 7, 2022, hearing, because the petitioner was not required to have intervenor status in order to go forward with the motion. However, it is also clear that because everyone in the courtroom, including the circuit court, was laboring under the mistaken belief that intervenor status was required, the petitioner's counsel cannot be deemed to have had actual or constructive notice of this "right, advantage, or benefit" and thus cannot be deemed to have "abandoned" any of the petitioner's rights, let alone intentionally relinquished them.

In short, whatever the merits of the petitioner's motion for grandparent visitation may be, a matter on which I express no opinion, it is manifestly unfair to strip her of her right to support the motion with evidence and argument.

Accordingly, I respectfully concur, in part, and dissent, in part.